# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Larry C.,**
**Petitioner Below, Petitioner**

**vs) No. 15-0197** (Fayette County 14-C-337)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent.**

## MEMORANDUM DECISION

Petitioner Larry C.,[1] pro se, appeals the February 24, 2015, order of the Circuit Court of Fayette County denying his petition for a writ of habeas corpus. Respondent, by counsel Laura Young, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 5, 2013, H.G.C., a thirteen-year-old girl, reported to her mother that petitioner, who was the girl's stepfather, sexually assaulted her. As a result of an investigation into the matter, petitioner was charged with one count of sexual abuse by a parent, guardian, custodian, or other person in a position of trust pursuant to West Virginia Code § 61-8D-5, three counts of sexual assault in the second degree pursuant to West Virginia Code § 61-8B-4, and four counts of sexual abuse in the first degree pursuant to West Virginia Code § 61-8B-7. On May 24, 2013, petitioner entered into a plea agreement under which he pled guilty to one count of sexual abuse by a parent, guardian, custodian, or other person in a position of trust in exchange for the State's dismissal of the remaining counts. After engaging in a colloquy with

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

petitioner, the circuit court accepted petitioner's plea and convicted him of the offense to which he pled guilty.

At petitioner's sentencing hearing on September 25, 2013, the circuit court explained to petitioner his right to appeal its judgment to this Court and gave him written notice of the same. The circuit court sentenced petitioner to ten to twenty years of incarceration and to twenty-five years of supervised release. Following his sentencing, petitioner filed two motions for reconsideration of sentence in which petitioner acknowledged his guilt and expressed his sorrow for the impact that his conduct had upon the victim and her family. Petitioner's motions were denied.

On December 10, 2014, petitioner filed a petition for a writ of habeas corpus raising a single ground of relief, which was, as follows: "Petitioner believes that counsel should have filed an appeal. Petitioner believes he has justifiable constitutional grounds for appeal, although he realizes he has waived many of his constitutional rights by signing a plea agreement." On the same day, in his criminal case, petitioner filed a motion to be resentenced and to appoint counsel for purposes of appeal. The circuit court never acted on petitioner's motion, but denied his habeas petition by an order entered on February 24, 2015. In its order, the circuit court determined that trial counsel was not ineffective in not filing an appeal in petitioner's criminal case for reasons that will be discussed *infra*.

Petitioner appeals the circuit court's February 24, 2015, order denying his habeas petition. We review a circuit court's order denying a habeas petition pursuant to the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006). In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995).

On appeal, petitioner argues that a criminal defendant has a right to appeal his conviction. Syl., *State ex rel. Bratcher v. Cooke*, 155 W.Va. 850, 188 S.E.2d 769 (1972). However, we find that a critical allegation is missing both from petitioner's appellate brief and his habeas petition. Petitioner never alleges that he requested counsel to file an appeal. The lack of such an allegation is fatal to petitioner's single habeas claim for the reasons the circuit court set forth in its order: (1) petitioner never contested his guilt and admitted to it in his post-plea motions; (2) counsel negotiated a very favorable plea bargain on petitioner's behalf because petitioner pled guilty to one charge and obtained the benefit of having seven remaining charges dismissed, and because

2

"[petitioner] was potentially facing significantly more time than he ultimately faced by entering the plea"; (3) the sentence that petitioner received was within the limits set forth in West Virginia Code § 61-8D-5;[2] and (4) ethical rules restrained counsel from filing a frivolous appeal. As we concur with these findings, we conclude that the circuit court did not abuse its discretion in denying habeas relief.

Notwithstanding the fact that his habeas petition lacks merit, petitioner asks us to order that he be resentenced and appointed counsel for purposes of appeal. Respondent counters that those requests are not currently before us. "This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733, 734 (1958). We note that while petitioner has filed a motion to be resentenced and appointed counsel for purposes of appeal in his criminal case, the circuit court has not yet acted on it. Therefore, we decline to address the issues raised by the motion.

For the foregoing reasons, we affirm the circuit court's February 24, 2015, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** February 19, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[2]*See* Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504, 505 (1982) ("Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.").