# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0216** (Kanawha County 11-F-369)

**Georgiana Ciavarello,**
**Defendant Below, Petitioner**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Georgiana Ciavarello, by counsel C. Joan Parker, appeals the Circuit Court of Kanawha County's February 12, 2015, order denying her motion to dismiss on speedy trial grounds. The State, by counsel Shannon Frederick Kiser, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying her motion because she was held for more than three terms of court without trial in violation of her speedy trial rights under West Virginia Code § 62-3-21.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2011, the Kanawha County grand jury indicted petitioner on five felony counts of embezzlement, in violation of West Virginia Code § 61-3-20, and fifty-one counts of falsifying accounts, in violation of West Virginia Code § 61-3-22. That same month, petitioner was arraigned in the Circuit Court of Kanawha County on the indictment.

In August of 2011, the State presented petitioner with a plea offer in this matter. Under that offer, petitioner would plead guilty to nineteen counts of the indictment (five counts of embezzlement and fourteen counts of falsifying accounts) and the State would (1) dismiss the remaining counts; (2) request a cumulative sentence of two to ten years in prison; and (3) request that petitioner's State prison term run concurrently with any federal prison term imposed by the United States District Court for the Southern District of West Virginia.[1]

---

[1] It is unclear from the record on appeal whether petitioner's related federal criminal charges were pending as of August of 2011. As relayed elsewhere in this memorandum decision, petitioner was later convicted of federal tax evasion and sentenced to federal prison.

At a status hearing held in February of 2012, the parties informed the circuit court that a plea agreement was "in effect in this case" pending the federal district court's approval of petitioner's guilty plea in a related federal criminal case. Due to the parties' representations, the circuit court granted a joint continuance of this matter "until such time as the said plea agreement may become effective."

Petitioner was subsequently convicted of federal tax evasion and sentenced to federal prison. A plea hearing on the State indictment was scheduled for September 6, 2012. In August of 2012, in anticipation of that plea hearing, the State informed petitioner's counsel that her federal prison sentence would not interfere with the September plea hearing. According to the State, the United States Marshals Office indicated that petitioner's federal prison sentence would not begin until *after* September 6, 2012. It was agreed by the parties that petitioner would accept the guilty plea offered by the State and she would enter that plea at the September 6, 2012, plea hearing.

However, petitioner failed to appear at the September 6, 2012, plea hearing. In its order from that hearing, the circuit court found that petitioner "surrendered herself to federal authorities prior to being ordered to by [federal authorities] . . . and [petitioner] did so with knowledge of the proceedings today[.]" The circuit court further found that petitioner surrendered herself to federal authorities "after the time by which the State . . . could have obtained papers to assume temporary custody of [petitioner] and have [petitioner] transported to this Court[.]" The circuit court concluded that a continuance was necessary "because of [petitioner's] action[.]" A subsequent hearing was scheduled for September 21, 2012.

Prior to that September 21, 2012, hearing, the presiding circuit court judge, sua sponte voluntarily recused himself due to the discovery of a personal friendship with a victim in this case. Immediately thereafter, another circuit court judge was assigned to the case. It was determined that petitioner was incarcerated in a federal facility in the State of Texas. In late September of 2012, the State lodged a detainer against petitioner with the United States Marshals Service.[2] Around this time, petitioner signed the written plea agreement with the State.

---

[2]West Virginia Code § 62-14-1 provides that when

a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition[.]

(continued . . .)

(continued . . .)
In this case, there is no indication that petitioner delivered the required notice of her place of imprisonment nor a request for final disposition to the Kanawha County prosecuting attorney or circuit court.

In July of 2013, petitioner filed a motion to dismiss the indictment based on an alleged violation of her speedy trial rights under West Virginia Code § 62-3-21 (also known as the "three-term rule").[3] Petitioner remained incarcerated in the federal facility in Texas at the time she filed her motion. In response to that motion, the State argued that any delay in this case was due to good cause; petitioner's early surrender to federal authorities; and/or continuances requested either by petitioner or jointly by both parties.

In September of 2013, the circuit court held a hearing to consider petitioner's motion to dismiss due to an alleged violation of the three-term rule. Ultimately, the circuit court found that (1) the State filed a detainer against petitioner and otherwise sought her prosecution; (2) there was no prejudice to petitioner from any delay because petitioner's counsel admitted that she signed the written plea agreement approximately one year prior to the final plea hearing; and (3) petitioner caused a portion of the disputed delay. As such, the circuit court denied petitioner's motion to dismiss.[4]

Thereafter, the circuit court held two plea hearings in September of 2013. The circuit court performed the requisite plea colloquy with petitioner to review the rights she waived by entry of a guilty plea. At the conclusion of those hearings, the circuit court accepted petitioner's guilty plea to nineteen counts in the indictment. On September 13, 2013, the circuit court entered the guilty plea order and accompanying plea paperwork. Neither the plea order nor the plea paperwork contained a condition or preservation of petitioner's right to appeal the denial of her motion to dismiss.

---

[3]West Virginia Code § 62-3-21 provides as follows:

Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; and every person charged with a misdemeanor before a justice of the peace, city police judge, or any other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment.

[4]It should be noted that the circuit court, sua sponte, stated on the record that this issue would be preserved for appeal. However, as noted elsewhere in this memorandum decision, no written order or other document was entered prior to petitioner's guilty plea containing a condition or preservation of the right to appeal any issue.

3

In December of 2013, petitioner filed a renewed motion to dismiss based on the three-term rule. The circuit court subsequently denied petitioner's renewed motion to dismiss in a one-page order that contained no condition or preservation of petitioner's right to appeal that issue.

In April of 2014, the circuit court held a sentencing hearing. At the conclusion of that proceeding and by order entered on April 17, 2014, the circuit court sentenced petitioner to a cumulative prison term of four to twenty years. As with the circuit court's prior written orders, the sentencing order did not contain any condition or preservation of petitioner's right to appeal the denial of her motion to dismiss. Petitioner did not appeal the circuit court's initial sentencing order.

In September of 2014, the circuit court entered a resentencing order, prepared by petitioner's counsel, for the purposes of appeal that resentenced petitioner to a cumulative prison term of four to twenty years. For the first time in written form, the resentencing order provided that "[u]nder [petitioner's] provisional plea she may appeal to the West Virginia Supreme Court of Appeals this [c]ourt's denial of her 'Three Term Rule' motion." For reasons not explained in the record on appeal, petitioner failed to appeal this resentencing order.

In February of 2015, the circuit court entered a second resentencing order, also prepared by petitioner's counsel, for the purposes of appeal. The second resentencing order again sentenced petitioner to a cumulative prison term of four to twenty years and again provided that "[u]nder [petitioner's] provisional plea she may appeal to the West Virginia Supreme Court of Appeals this [circuit] [c]ourt's denial of her 'Three Term Rule' motion." This appeal followed.

Petitioner appeals the circuit court's denial of her motion to dismiss the indictment on speedy trial grounds. In reviewing challenges to a circuit court's order regarding a motion to dismiss an indictment, we employ the following standard of review:

This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's "clearly erroneous" standard of review is invoked concerning the circuit court's findings of fact.

Syl. Pt. 1, *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009). Our review of alleged speedy trial violations under the West Virginia Constitution is further guided by Syllabus Point 2 of *State v. Carrico*, 189 W.Va. 40, 427 S.E.2d 474 (1993), which explains that once the indictment has been returned, "'[i]t is the three-term rule, W.Va. Code [§] 62-3-21 [1959], which constitutes the legislative pronouncement of our speedy trial standard under Article III, Section 14 of the West Virginia Constitution.' Syl. Pt. 1, *Good v. Handlan*, 176 W.Va. 145, 342 S.E.2d 111 (1986)."

On appeal, petitioner argues that the circuit court erred in denying her motion to dismiss the indictment based on a violation of the three-term rule and, as a result, in denying her speedy trial rights under the West Virginia Constitution. It is well-established law in our State that a

criminal defendant has the right to appeal a criminal conviction. *See* Syl., in part, *State ex rel. Bratcher v. Cooke*, 155 W.Va. 850, 188 S.E.2d 769 (1972) (holding that "[o]ne convicted of a crime is entitled to the right to appeal that conviction and where he is denied his right to appeal such denial constitutes a violation of the due process clauses of the state and federal constitutions and renders any sentence imposed by reason of the conviction void and unenforceable."). However, the right to appeal is limited in the context of a guilty plea. We explained in *State v. Sims*, 162 W.Va. 212, 215, 248 S.E.2d 834, 837 (1978) that "[a]n appeal ordinarily does not lie in a criminal case from a judgment of conviction rendered upon a plea of guilty." Such appeals are generally limited to cases in which "an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." *Id*. at 212, 248 S.E.2d at 835, syl. pt. 1, in part.

Further, we have explained that a "defendant waives significant constitutional rights by entering into a plea agreement, such as . . . the right to a speedy trial." *State ex rel. Forbes v. Kaufman*, 185 W.Va. 72, 77, 404 S.E.2d 763, 768 (1991); *see also State v. Greene*, 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996) (stating that "[i]f any principle is well settled in this State, it is that, in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences."); *Tollett v. Henderson*, 411 U.S. 258 (1973) (stating that when criminal defendant openly in court admits he is guilty of offense charged, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Notably, once a criminal defendant waives constitutional rights, "he cannot be heard to complain thereafter." *Call v. Mckenzie*, 159 W.Va. 191, 195-96, 220 S.E.2d 665, 669-70 (1975).

Following a thorough review of the record on appeal and the arguments of counsel, we find that petitioner waived her right to appeal the issue raised herein. It is undisputed that petitioner pled guilty to nineteen counts of the indictment. Petitioner does not challenge the voluntariness of her guilty plea, the legality of her sentence, or any of her counsel's advice prior to acceptance of that guilty plea. In so pleading, petitioner signed and initialed a written waiver of her rights to trial and to appeal all non-jurisdictional issues following the circuit court's denial of her motion to dismiss. No condition or preservation of the speedy trial issue appears in that written waiver or in the resulting order accepting that guilty plea. Therefore, given petitioner's written waivers and entry of her guilty plea, we decline to address on direct appeal the circuit court's denial of her motion to dismiss.

For the foregoing reasons, we affirm the circuit court's February 12, 2015, order.

Affirmed.

**ISSUED**: May 23, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin

Justice Margaret L. Workman
Justice Allen H. Loughry II