STATE *ex rel.* CLIFFORD BRATCHER

*v.*

ED COOKE, *Sheriff, Boone County, et al.*

(No. 13160)

Submitted April 18, 1972.    Decided May 16, 1972.

*E. Gail Falk,* Legal Aid Society of Charleston, for relator.

*Chauncey H. Browning, Jr.,* Attorney General, *Richard E. Hardison, Willard A. Sullivan,* Assistant Attorneys General, for respondents.

CAPLAN, JUDGE:

In this original proceeding in habeas corpus the petitioner, Clifford Bratcher, seeks release from the custody of respondent Ed Cooke, Sheriff of Boone County, on the ground that he was denied the right to appeal his conviction by reason of the incompetence of his counsel. In the alternative the petitioner prays that he be granted a new trial or that his original sentence be vacated and a new sentence be imposed so that his right to appeal may be revived.

Upon the aforesaid petition this Court, on December 6, 1971, granted a writ returnable January 18, 1972. On the latter date the case was continued generally. It came on for hearing on April 18, 1972, and, upon the petition and return and upon the briefs of counsel, was submitted for decision.

Giving rise to this habeas corpus proceeding is the following factual situation. On October 27, 1970 the petitioner was convicted by a jury of grand larceny in the Circuit Court of Boone County. Judgment was entered on November 6, 1970 and he was sentenced to incarceration in the state penitentiary. Thereafter the petitioner advised his counsel of his desire to appeal the judgment to the Supreme Court of Appeals of West Virginia and said counsel notified the court of his intention to appeal. Counsel for the petitioner subsequently obtained several stays of execution of the sentence, the purpose of which was to apply for an appeal. Finally, on September 28, 1971, said

counsel filed a petition for a writ of error and supersedeas in this Court which petition was promptly refused for the reason that it was filed after the eight-month period following the judgment of conviction. See Code, 1931, 58-5-4, as amended.

The petitioner alleges, and it is undenied, that he and his wife persisted in their efforts to get his counsel to file a timely petition for appeal. In an affidavit, which is a part of the record of this proceeding, the said counsel for the petitioner clearly and unmistakably admits that the late filing of the petition for appeal was not attributable to any fault on the part of the petitioner but that "the untimely filing of the petition for a writ of error and supersedeas was due entirely to my nonfeasance in acting as legal counsel for Clifford Bratcher."

The respondents, in their return and their brief, admit the allegations in the petition and admit that the petitioner was wrongfully denied a right to appeal. While the respondents do not oppose the petition they do ask that if the relief requested is granted by this Court it be stayed a reasonable period of time so as to allow the state an opportunity to resentence the petitioner in a constitutionally permissible manner, thereby affording the petitioner an opportunity to perfect an appeal.

As reflected by many decisions of the United States Supreme Court, a convicted defendant cannot be denied his right to appeal, either by the trial judge or by one outside the judicial system. Such denial constitutes a violation of the due process clauses of the state and federal constitutions and the judgment imposing sentence is void and unenforceable. See *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396; *Lane v. Brown,* 372 U.S. 477, 9 L. Ed. 2d 892, 83 S. Ct. 768; *Douglas v. People of The State of California,* 372 U.S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814; and *Eskridge v. Washington Prison Board,* 357 U.S. 214, 2 L. Ed. 2d 1269, 78 S. Ct. 1061. In view of these decisions and of the respondents' admission that the petitioner

was wrongfully denied his right to appeal, the petitioner will be discharged from custody, said discharge, however, to be stayed for a period of 30 days, during which period the state may resentence the petitioner, if it so chooses, thereby affording the petitioner an opportunity to perfect a timely appeal.

*Prisoner discharged;*
*discharge stayed for*
*a period of thirty days*
*to permit resentencing.*

Judge Harlan M. Calhoun participated in the decision of this case but his resignation was effective before this opinion was announced.