# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Richard M.,**
**Petitioner Below, Petitioner**

**vs)     No. 15-0148** (Harrison County l3-C-97-3)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

November 6, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Richard M.,[1] *pro se*, appeals the order of the Circuit Court of Harrison County, entered February 10, 2015, denying his second petition for a writ of habeas corpus. Respondent Marvin Plumley, Warden, Huttonsville Correctional Center, by counsel Nic Dalton, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on various sexual molestation charges. The charges against petitioner involved O.G., the granddaughter of his girlfriend. Petitioner's trial began on July 28, 2008. On July 29, 2008, the jury convicted petitioner of one count of sexual abuse by a parent, guardian, custodian, or a person in a position of trust pursuant to West Virginia Code § 61-8D-5(a) and one count of sexual abuse in the first degree pursuant to West Virginia Code § 61-8B-7(a)(3).

---

[1]Consistent with our practice in cases involving sensitive facts, we use only petitioner's first name and last initial, and identify the minor victim only by her initials. W.Va. Rul. App. Proc. 40(e)(1); *see State ex rel. W.Va. Dep't of Human Servs. v. Cheryl M.*, 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

1

Petitioner's trial counsel, Attorney Wiley Newbold, filed post-trial motions on petitioner's behalf for a new trial and for a judgment of acquittal. However, after these motions were filed, Thomas G. Dyer and Dyer Law Offices were privately retained to represent petitioner in the post-trial proceedings and for purposes of appeal. Consequently, Attorney Thomas G. Dyer represented petitioner at the September 11, 2008, hearing on petitioner's post-trial motions, at which the circuit court denied the motions. The circuit court subsequently sentenced petitioner to concurrent terms of imprisonment of ten to twenty years.

Subsequently, Attorney Thomas G. Dyer advised petitioner that "there are no non-frivolous grounds for a direct appeal" and that accordingly, petitioner should allow the time for a direct appeal to lapse and concentrate on filing a petition for a writ of habeas corpus. Attorney Mary Guy Dyer wrote petitioner separate letters on June 17, 2009, and August 18, 2009. In her June 17, 2009, letter, Attorney Mary Guy Dyer noted that petitioner's primary contention was that Attorney Newbold had been ineffective as trial counsel, which is a claim that is best litigated in a collateral proceeding.[2] In her August 18, 2009, letter, Attorney Mary Guy Dyer noted that counsel had to explain their recommended course of action to petitioner more than once to obtain petitioner's agreement, but that petitioner eventually "decided not to appeal" his conviction and sentence.

Petitioner filed a *pro se* habeas petition on August 21, 2009, and the circuit court thereafter appointed Attorney Thomas G. Dyer to represent petitioner in the habeas proceeding. Attorney Thomas G. Dyer filed an amended petition and represented petitioner at an omnibus hearing held on March 31, 2010, and April 1, 2010. At the beginning of that hearing, the circuit court cautioned—and petitioner acknowledged—that petitioner had an obligation to raise all his grounds for relief in one habeas proceeding:

> THE COURT: . . . [Petitioner], have you, after consulting with your attorney, Thomas Dyer, in this case, raised in your Amended Petition for a [Writ of] Habeas Corpus, all grounds that you believe would entitled to a Writ of Habeas Corpus?
>
> [PETITIONER]: Yes, Your Honor.
>
> THE COURT: Do you understand that you have the obligation in an Omnibus Hearing for a Petition for a Writ of Habeas Corpus for post-conviction relief, that you raise all grounds for post-conviction relief in one (1) proceeding?[3]
>
> [PETITIONER]: Yes, Your Honor.

---

[2]*See* n. 8 *infra*.

[3]Syl. Pt. 1, *Gibson v. Dale*, 173 W.Va. 681, 683-84, 319 S.E.2d 806, 808 (1984); *Losh v. McKenzie*, 166 W.Va. 762, 764, 277 S.E.2d 606, 609 (1981).

2

Later in the hearing, after respondent's counsel inquired of the circuit court whether it was necessary to address issues that petitioner did not raise in the presentation of his case, the court confirmed that any issue on which "[petitioner] hasn't presented" evidence would be deemed waived. The hearing transcript further reflects that petitioner was allowed to confer with counsel throughout the hearing.[4]

The circuit court denied habeas relief in an order entered July 1, 2010. In its order, the circuit court memorialized that it "cautioned [petitioner] at the onset of the hearing that any grounds not raised in this hearing would be deemed waived" and that "[petitioner] chose not to present any further evidence and he chose not to proffer any evidence concerning" some grounds.[5] Petitioner subsequently appealed *pro se* to this Court, which affirmed the denial of habeas relief. *[Richard M.] v. Ballard*, No. 11-0606, at 5 (W.Va. Supreme Court, November 30, 2012) (memorandum decision). In *Richard M.*, this Court declined to address petitioner's allegation that Attorney Thomas G. Dyer had been ineffective as habeas counsel because petitioner was raising the issue in the same proceeding in which Attorney Dyer had served as habeas counsel. *Id.* This Court explained that the preferred way of raising ineffective assistance of habeas counsel is to file a subsequent petition for a writ of habeas corpus raising the issue in the circuit court. *Id.*

Petitioner filed a habeas petition on March 13, 2013, alleging that Attorney Thomas G. Dyer had been ineffective as habeas counsel. The circuit court appointed Jason T. Gain to represent petitioner, and Attorney Gain filed an amended petition on August 27, 2014. Petitioner filed a *pro se* supplement to the amended petition on September 15, 2014. On November 19, 2014, the circuit court held a hearing and, thereafter, denied habeas relief in an order entered on February 10, 2015. In its order, the circuit court explained that it was considering only (1) Attorney Thomas G. Dyer's alleged ineffectiveness as habeas counsel; and (2) Attorney Newbold's alleged ineffectiveness as trial counsel "for the narrow purpose of assessing the effectiveness of [Attorney Dyer's] performance."[6] The circuit court determined that "[a]ll other claims for [h]abeas relief have either been waived or are barred by *res judicata*." The circuit court then addressed petitioner's arguments that Attorney Thomas G. Dyer was ineffective in not raising two instances in which Attorney Newbold failed to raise a claim that petitioner was not promptly presented to a magistrate for arraignment and failed to raise a claim that the jury instructions were erroneous. The circuit court found that neither of those issues had merit and, therefore, trial counsel was not

---

[4]While petitioner asserts that he was not afforded effective assistance at the first habeas hearing, Attorney Thomas G. Dyer called three witnesses in addition to petitioner, including presenting the testimony of petitioner's trial counsel.

[5]The circuit court did not specify the issues on which petitioner failed to present evidence.

[6]In *Richard M.*, this Court rejected petitioner's claim that Attorney Newbold was ineffective as trial counsel. No. 11-0606, at 2-3. Our memorandum decision in *Richard M.* constitutes a ruling on the merits pursuant to Rule 21(a) of the West Virginia Rules of Appellate Procedure.

ineffective in not raising them. The circuit court concluded that habeas counsel, Attorney Thomas G. Dyer, was likewise not ineffective.

Petitioner now appeals the circuit court's denial of his habeas petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006). Also, in West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995).

On appeal, the parties dispute whether petitioner is attempting to argue ordinary trial error in the guise of ineffective assistance of habeas counsel. A habeas corpus proceeding is not a substitute for an appeal "in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 130, 254 S.E.2d 805, 806 (1979), *cert. denied*, 464 U.S. 831 (1983). More broadly, petitioner contends that Attorney Thomas G. Dyer, in his capacity as appellate counsel, improperly coerced petitioner into not filing a direct appeal as was his right.[7] Upon our review of the record, we disagree that petitioner was coerced into not pursuing a criminal appeal. Rather, the record reflects that after extensive discussions with counsel, petitioner decided not to appeal, but has now come to regret that decision. While petitioner alleges that counsel engaged in unethical persuasion, the June 17, 2009, letter reflects that counsel's advice was legally sound.[8] Therefore, we conclude that petitioner may

---

[7]Syl., *State ex rel. Bratcher v. Cooke*, 155 W.Va. 850, 188 S.E.2d 769 (1972) (criminal defendant has a right to appeal).

[8]In Syllabus Point 10 of *State v. Triplett*, 187 W.Va. 760, 762-63, 421 S.E.2d 511, 513-14 (1992), this Court held as follows:

> It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

not argue ordinary trial error as part of this habeas proceeding.

The circuit court found that within the context of asserting that habeas counsel failed to raise two instances of ineffective representation by trial counsel, petitioner could still argue (1) petitioner was not promptly presented to a magistrate for arraignment; and (2) the jury instructions were erroneous. As to the prompt presentment claim, "[t]he delay occasioned by reducing an oral confession to writing ordinarily does not count on the unreasonableness of the delay where a prompt presentment issue is involved." Syl. Pt. 3, *State v. Humphrey*, 177 W.Va. 264, 265, 351 S.E.2d 613, 614 (1986). We first note that because we found in *Richard M.* that petitioner's statements to the police were voluntary,[9] petitioner may not assert that the police coerced him into making the statements. Second, the circuit court found that the taped statement was identical to the prior oral statement. Accordingly, we determine that the case comes squarely under Syllabus Point 3 of *Humphrey* and conclude that the circuit court did not clearly err in finding that neither trial or habeas counsel was ineffective in not raising this issue in the prior proceedings.

As to the allegedly erroneous jury instructions, we first find that the circuit court adjudicated a different claim than the one petitioner asserts on appeal. The circuit court determined that the jury was properly instructed as to the definition of an element necessary to convict petitioner pursuant to West Virginia Code § 61-8D-5(a). Based on a review of petitioner's appeal documents, we find that petitioner assigns no error to that determination. Rather, on appeal, petitioner argues that the jury was improperly instructed as to the voluntariness of his statements to the police. We determine that this argument has been rendered moot by our finding in *Richard M.* that the statements petitioner provided were voluntary. Therefore, we conclude that neither trial or habeas counsel was ineffective in not raising the issue of allegedly erroneous jury instructions.

Finally, we determine that the circuit court did not err in finding that "[a]ll other claims for [h]abeas relief have either been waived or are barred by *res judicata*" pursuant to either Syllabus Point 4 of *Mohn* and/or Syllabus Point 2 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606, 608 (1981), in which this Court held, as follows:

> A judgment denying relief in post-conviction habeas corpus is res judicata on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel.

Petitioner challenges the circuit court's ruling that the doctrine of res judicata generally barred his second habeas petition as to two issues. First, petitioner asserts that Attorney Thomas G. Dyer was ineffective in not raising the issue of a "biased jury" in the first habeas proceeding. Syl. Pt. 4, *Id.*, at 762-63, 277 S.E.2d at 608 (ineffective assistance of habeas counsel constitutes exception to doctrine of res judicata). We find that the circuit court foresaw petitioner making this

---

[9] *Richard M.*, No. 11-0606, at 3.

argument in its July 1, 2010, order denying petitioner's first petition. In that order, the circuit court memorialized that it "cautioned [petitioner] at the onset of the hearing that any grounds not raised in this hearing would be deemed waived" and that "[petitioner] chose not to present any further evidence and he chose not to proffer any evidence concerning" some grounds. Our review of the transcript of the first habeas hearing confirms that not only did the circuit court warn petitioner of his obligation to assert all arguably meritorious issues, but also that petitioner acknowledged that obligation by answering, "Yes, Your Honor." The transcript further confirms that petitioner was allowed to confer with counsel throughout the hearing. Thus, we find that petitioner had adequate opportunity at the first habeas hearing to raise any issue he desired—including any issue about a "biased jury"—and, accordingly, that the doctrine of res judicata bars petitioner from raising that issue now.[10]

Second, petitioner asserts that a report based on a child advocate's interview with the minor victim constitutes newly discovered evidence. Syl. Pt. 4, *Losh*, 166 W.Va. at 762-63, 277 S.E.2d at 608 (such evidence constitutes another exception to doctrine of res judicata). Respondent counters that the report is not newly discovered because (1) the report was turned over to petitioner in the first habeas proceeding (in fact, the report was discussed in the circuit court's July 1, 2010, order denying habeas relief); and (2) the victim's statements contained within the report were consistent with her trial testimony. Syl., *State v. Frazier*, 162 W.Va. 935, 935-36, 253 S.E.2d 534, 534-35 (1979) (due diligence and potential effect on outcome of trial are factors in determining whether newly discovered evidence exists). Based on our review of the child advocate's report and the record as a whole, we find that the report does not constitute newly discovered evidence. Therefore, we determine that the doctrine of res judicata bars petitioner from making any argument based on the child advocate's report and accordingly conclude that the circuit court did not abuse its discretion in denying petitioner's second habeas petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED: November 6, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[10]Also, if we were to allow petitioner to raise this issue, we would unduly prejudice respondent's rights given that, when respondent's counsel inquired during the first habeas hearing whether it was necessary to address issues that petitioner did not raise in the presentation of his case, the circuit court confirmed that any such issue would be deemed waived.