STATE OF WEST VIRGINIA

**Farley Rhodes,**
**Petitioner Below, Petitioner**

**FILED**

**April 15, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0430** (Kanawha County 15-P-132)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Farley Rhodes, pro se, appeals the April 29, 2015, order of the Circuit Court of Kanawha County denying his petition for writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Zachary Aaron Viglianco, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2008, petitioner doused his girlfriend with an incendiary fluid and set her ablaze because she had threatened to leave him. She lingered in the hospital for a month before she died from her injuries. Petitioner was thereafter indicted for first-degree murder and arson. In exchange for the dismissal of the arson count, petitioner pled guilty to first-degree murder on March 11, 2010.[1] At his May 27, 2010, sentencing hearing, the trial court denied petitioner's request for mercy and sentenced him to a life term of incarceration without the possibility of parole.

Following the sentencing hearing, petitioner filed a pro se motion to withdraw his guilty

---

[1] We will relate pertinent portions of petitioner's testimony at the March 11, 2010, plea hearing during our discussion of the issues raised in this appeal. *See infra.*

plea,[2] and petitioner's counsel filed a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. In the Rule 35(b) motion, petitioner's counsel argued that the circuit court should reconsider its decision not to give petitioner an opportunity for parole. On September 22, 2010, while the post-sentencing motions were pending, petitioner's counsel filed an appeal in this Court from the May 27, 2010, sentencing order in *State v. Rhodes*, No. 101329.[3] The State filed a motion to dismiss the appeal on the ground that it was interlocutory. On January 27, 2011, we dismissed petitioner's appeal without prejudice.

At an October 14, 2010, hearing, the circuit court's first inquiry was whether petitioner was proceeding on his pro se motion to withdraw his guilty plea. Petitioner's counsel answered, "No." Counsel explained that the motion to withdraw petitioner's guilty plea "is not why we're here today." The circuit court confirmed that petitioner was not pursuing his pro se motion by asking, "You want me to change my mind about the issue of mercy and that's it. Is that right?" Petitioner's counsel responded, "That's right."

With regard to the motion for reduction of sentence, petitioner's counsel stated that the motion was based on matters the circuit court may not have taken into full consideration prior to sentencing and "new information" that petitioner had consumed Lortab and alcohol prior to setting his girlfriend on fire. By an order entered February 25, 2013, the circuit court denied the motion on the ground that petitioner's sentence was appropriate. In the order, the circuit court noted that it had carefully weighed the nature of petitioner's crime and each of his arguments for the reduction of his sentence including the following: (1) petitioner pled guilty and therefore obviated the need for a trial; (2) petitioner gave a detailed factual basis for his plea; (3) petitioner expressed remorse at sentencing; (4) petitioner suffered from an intellectual impairment; (5) petitioner had no prior felony convictions; and (6) petitioner had an addiction to alcohol and opiates at the time of the crime. In response to the "new information," the court found that the information, if true, favored punishment, and not mitigation. Petitioner appealed the denial of his motion for reduction of sentence to this Court. In *State v. Rhodes*, No. 13-0366, 2014 WL 1272552, at *2 (W.Va. March 28, 2014), we affirmed the circuit court's denial of the Rule 35(b) motion.

On April 4, 2015, petitioner filed a petition for writ of habeas corpus contending that he should be resentenced so that he could file another appeal of the May 27, 2010, sentencing order. Petitioner asserted that counsel raised the alleged involuntariness of his guilty plea in No. 101329, but failed to pursue the issue after this Court dismissed that appeal as interlocutory. By order entered April 29, 2015, the circuit court denied petitioner's habeas petition because good cause "[did] not exist" for granting the relief requested.

Petitioner now appeals the circuit court's April 29, 2015, order denying his habeas petition.

---

[2]Petitioner identified his pro se motion to withdraw his guilty plea as a "motion to repeal," and the State filed a response to it on October 14, 2010. The motion itself was not entered into the record until October 18, 2010.

[3]We take judicial notice of the record in No. 101329.

We apply the following standard of review in such appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner contends that his counsel were ineffective in failing to file an appeal challenging the voluntariness of his guilty plea. In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (a) counsel's performance was deficient under an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Respondent asserts that because the record shows that petitioner's guilty plea was voluntary, counsel made a sound strategic decision to focus on petitioner's motion for reduction of sentence.[4] *See* Syl. Pt. 6, in part, *id.* at 6-7, 459 S.E.2d at 117-18 ("In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance *while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions.*") (Emphasis added.) Under the facts and circumstances of this case, we agree with respondent and find that if petitioner's involuntariness claim lacks merit, counsel were not ineffective in failing to challenge his guilty plea on appeal.

Petitioner contends that his guilty plea was involuntary because (1) he was under the influence of drugs at the time that he pled guilty; and (2) he was low-functioning because of his intellectual impairment. We have reviewed the transcript of the March 11, 2010, plea hearing and find that the circuit court engaged petitioner in a colloquy pursuant to *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), to determine the voluntariness of petitioner's guilty pleas. Initially, the circuit court questioned petitioner about any medications he was taking at the time. Petitioner and his counsel answered that petitioner was taking Depakote and an unspecified antidepressant. The circuit court went through a series of questions to determine whether petitioner understood "what we're talking about." The circuit court asked petitioner "[where do] you think we are," to which petitioner responded, "[i]n court." The circuit court asked, "[a]re you understanding me?" Petitioner answered, "Yes." Based on petitioner's answers, and those of his

---

[4]Respondent also argues that petitioner's appeal of the denial of his motion for reduction of sentence counted as the one criminal appeal to which he was constitutionally entitled. *See* Syl., *State ex rel. Bratcher v. Cooke*, 155 W.Va. 850, 188 S.E.2d 769 (1972). We decline to address this argument because we can dispose of petitioner's appeal on other grounds.

counsel, the circuit court concluded, as follows:

> Okay. It seems like from your statements . . . not only does [petitioner]—he's not only lucid, attentive[,] and able to comprehend this morning, but fully, completely about as fully and completely as you can be—understands the nature of these proceedings, what he is up against, the case, the charges, and he is able to give a lot of thought, productive type of thought, you know, based on information about his case before formulating, I guess, his decision to enter [the plea] agreement.

With regard to petitioner's limited intellectual capacity, the circuit court gave petitioner three different opportunities to stop the process of pleading guilty, explaining that "you can say no at any time" and that "[y]ou can change your mind and we'll go back to where we were[.]"[5] Each time, petitioner wished to continue with his guilty plea, stating that "I just want to get it done and get it over with." At another point, petitioner stated, "I just want to plead." The circuit court concluded that petitioner "intelligently, freely, voluntarily, and knowingly" relinquished his fundamental rights "as outlined by me and as also set forth in the [w]ritten [p]lea" by entering his guilty plea. Given petitioner's answers and the circuit court's findings at the plea hearing, we determine that petitioner's claim that his guilty plea was involuntary lacks merit. Therefore, we likewise reject petitioner's claim that counsel were ineffective in failing to file an appeal challenging the voluntariness of his guilty plea. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's April 29, 2015, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED: April 15, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[5]According to petitioner's court-ordered forensic psychological evaluation, not only was petitioner responsible for his crime, but he was also able to assist his attorneys and to "accept [the] terms of a plea if one is offered" provided that those terms were adequately explained to him.

4