# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-0798** (Randolph County 10-F-61)

**Gary Elmer Tacy,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Gary Elmer Tacy, by counsel Jeremy B. Cooper, appeals the Circuit Court of Randolph County's July 22, 2016, order sentencing him to an aggregate term of incarceration of five to eighteen years for one count of attempted second-degree robbery and one count of wearing a mask or face covering. Respondent, the State of West Virginia, by counsel Shannon Fredrick Kiser, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred by denying his motion to dismiss or to continue the trial when exculpatory evidence that was not disclosed until shortly before the beginning of the trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2010, petitioner entered the High Life Lounge in Randolph County, West Virginia and handed the cashier a note. The note read as follows: "Be quiet. You are being robbed. I [do not] want to hurt anybody. Give me the money from your registers. [Do not] set off you[r] silent alarms and I will leave." Petitioner wore a fake beard to conceal his identity. The cashier alerted the other individuals at the High Life Lounge to the attempted robbery and petitioner fled the premises. During the investigation, the police performed individual photographic line-ups with witnesses present during the robbery. The cashier could not identify petitioner in the photographic line-ups and noted that none of the individuals in the photographic line-ups had beards. However, another witness positively identified petitioner as the perpetrator of the robbery and his fingerprints were positively matched to a fingerprint on the demand note handed to the cashier. Petitioner was subsequently arrested. Petitioner was indicted by a Randolph County grand jury on October 26, 2010, on one count of attempted second-degree robbery, in violation of West Virginia Code § 61-2-12(b), and one count of wearing a mask or face covering, in violation of West Virginia Code § 61-6-22(a)(2).

1

In February of 2011, petitioner's jury trial commenced. Petitioner moved the circuit court to dismiss or to continue the trial. In support of his motion, petitioner argued that he received notice of exculpatory evidence shortly before trial. Specifically, petitioner claimed that he received the transcript from the grand jury hearing which showed that two witnesses, including the cashier, failed to identify him in the photographic line-ups conducted by the police on the night of the attempted robbery. The circuit court found that the evidence was exculpatory and held that petitioner could use the evidence for impeachment purposes. The circuit court also held that petitioner could effectively cross-examine witnesses regarding the photographic line-ups and the trial could proceed "fairly to [petitioner], even though the disclosure, or the lack of disclosure, could have been an issue." The circuit court then denied petitioner's motion to dismiss or continue the trial and noted his objection on the record. Ultimately, the jury found petitioner guilty of both counts as charged in the indictment. Petitioner did not appeal his conviction.

In April of 2011, petitioner was sentenced to an aggregate term of incarceration of six to nineteen years. Thereafter, petitioner filed a post-conviction habeas corpus petition, alleging a variety of constitutional errors. The circuit court denied him relief on all grounds alleged by order entered on August 19, 2011. Petitioner appealed the circuit court's order and requested a renewal of his appeal period on his conviction below. This Court upheld the circuit court's order in *Tacy v. Mirandy*, No. 15-0041, 2015 WL 6181454 (W.Va. Oct. 20, 2015) (memorandum decision).

In June of 2016, petitioner filed a motion for resentencing in his underlying criminal case and a renewal of his appeal period, based upon the circuit court's discretionary authority to renew an appeal period, as set forth in *State ex rel Bratcher v. Cooke*, 155 W.Va. 850, 188 S.E.2d 769 (1972). The circuit court granted his motion and resentenced him for the purposes of appeal by order entered on July 22, 2016. The circuit court sentenced petitioner to an aggregate term of incarceration of five to eighteen years for one count of attempted second-degree robbery and one count of wearing a mask or face covering. The circuit court also ordered that petitioner receive credit for time served. It is from this order that petitioner appeals.

The Court reviews petitioner's assignment of error under the following standard:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Petitioner argues on appeal that the circuit court abused its discretion by denying his motion to continue his trial. In support of his argument, petitioner argues that the State withheld exculpatory evidence not discovered by petitioner's counsel "until she reviewed the grand jury transcript prepared shortly before trial." Petitioner contends that he should have been granted

additional time to prepare a defense in light of the new information. Petitioner also argues that the State had a duty to disclose the exculpatory evidence prior to trial, pursuant to the holdings in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Buffey v. Ballard*, 236 W.Va. 509, 782 S.E.2d 204 (2015). Upon our review, we find no error in the circuit court's denial of petitioner's motion to continue the trial.

Questions concerning the grant or denial of a motion for continuance "is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 2, in part, *State v. Bush*, 163 W.Va. 168, 255 S.E.2d 539 (1979). Furthermore, we have previously held that

> [t]here are three components of a constitutional due process violation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982): (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial.

Syl. Pt. 2, *State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d 119 (2007). Evidence is considered suppressed when "the existence of the evidence was known, or reasonably should have been known, to the government, the evidence was not otherwise available to the defendant through the exercise of reasonable diligence, and the government either willfully or inadvertently withheld the evidence until it was too late for the defense to make use of it." *United States v. Knight*, 342 F.3d 697, 705 (7th Cir.2003).

Under the facts of this case, we find that petitioner's argument that the circuit court should have continued his trial fails under the second component of constitutional due process violations under *Brady* and *Hatfield*; that is the evidence was not suppressed by the State, either willfully or inadvertently. It is clear from the record that petitioner first became aware of the witnesses' failed photographic line-ups when he received a copy of the grand jury transcript shortly before his trial commenced. The circuit court found that this evidence was favorable, exculpatory, impeachment evidence. Petitioner used the evidence to impeach the State's witnesses on cross-examination to challenge the case against him. It was not too late for petitioner to make use of the witnesses' failed photographic line-ups in his defense. Therefore, we find that the circuit court did not err in denying petitioner's motion to dismiss or continue the trial.

Petitioner also argues that he was "deprived of [the] exculpatory information" when he considered the plea agreement offer from the State, in violation of our holding in *Buffey*. We disagree. In *Buffey*, a deoxyribonucleic acid ("DNA") test of a sexual assault victim's rape kit excluded petitioner as a donor of seminal fluid found on various test samples. 236 W.Va. at 513, 782 S.E.2d at 208. However, at the same time the samples were being tested, the State communicated a time-sensitive plea offer to petitioner, which he accepted. *Id.* at 236 W.Va. at 514, 782 S.E.2d at 209. After the tested samples revealed that petitioner was excluded as a donor of the seminal fluid, the circuit court accepted petitioner's guilty plea. *Id.* Although available, the

results of the DNA evaluation were not communicated to petitioner at the time of his guilty plea. *Id.* In reversing petitioner's conviction and allowing him to withdraw his guilty plea, we held that

> [a] defendant's constitutional due process rights, as enumerated in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), extend to the plea negotiation stage of the criminal proceedings, and a defendant may seek to withdraw a guilty plea based upon the prosecution's suppression of material, exculpatory evidence.

*Id.* at Syl. Pt. 4, 236 W.Va. at 511, 782 S.E.2d at 206.

Petitioner's case is readily distinguishable from the facts in *Buffy*. Petitioner did not enter a guilty plea. Rather, he was tried by a jury and, as set forth above, was convicted. Petitioner was apprised of the witnesses' failed photographic line-ups prior to his trial and he was able to use that evidence to impeach the State's witnesses on cross-examination. For these reasons, we find no error in the circuit court's denial of petitioner's motion to continue the trial.

For the foregoing reasons, we find no error in the circuit court's decision, and its July 22, 2016, order is affirmed.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker