# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)**     **No. 19-0893** (Marion County 16-F-158)

**Robert Higgins,**
**Defendant Below, Petitioner**

**FILED**
**August 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Higgins, self-represented litigant, appeals the September 6, 2019, order of the Circuit Court of Marion County denying his motion for resentencing for purposes of appeal and his motion for the appointment of appellate counsel. Respondent State of West Virginia, by counsel Scott E. Johnson, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court with directions to hold a hearing on whether petitioner asked his attorney to file an appeal, and, if the court determines that petitioner made such a request, to resentence him for purposes of appeal and to appoint appellate counsel.

On October 4, 2016, petitioner was indicted in the Circuit Court of Marion County on six counts of third-degree sexual abuse; five counts of sexual abuse by a parent, guardian, or custodian; one count of distribution and display of obscene matter to a minor; and one count of use of a minor in filming sexually explicit conduct. On February 15, 2017, pursuant to a plea agreement with the State, petitioner pled guilty to three counts of third-degree sexual abuse; one count of sexual abuse by a parent, guardian, or custodian; and one count of distribution and display of obscene matter to

1

a minor.[1] On October 31, 2017, the circuit court sentenced petitioner to an aggregate term of thirteen to thirty-five years of incarceration through a combination of concurrent and consecutive sentences.

On May 7, 2018, petitioner asked the circuit court to provide him with information "regarding sentence[ing] options." That same day, the circuit court replied to petitioner's request by writing him a letter. However, petitioner did not receive the letter because he was no longer at the North Central Regional Jail when the letter arrived.

In July of 2019, petitioner requested a copy of the docket sheet from the Marion County Circuit Clerk who mailed him a copy on July 18, 2019. On August 29, 2019, petitioner filed a motion for resentencing for purposes of appeal and a motion for the appointment of appellate counsel. Petitioner argued that his attorney failed to file an appeal on petitioner's behalf even though petitioner "told [his attorney] that he wished to file an appeal on various grounds." Petitioner further argued that there was a constitutional right to appeal in criminal cases and that a defendant, who has entered a guilty plea, may file an appeal raising issues regarding the voluntariness of the plea and the legality of the sentence.[2] By order entered on September 6, 2019, the circuit court denied the motion for resentencing for purposes of appeal and the motion for the appointment of appellate counsel, finding: "Having reviewed the written motions, as well as the entire court file, this [c]ourt is of the opinion that there are no appealable issues, that [petitioner] is not entitled to the relief sought in his motions and, further, that no hearing with regard thereto is warranted."

Petitioner now appeals the circuit court's September 6, 2019, order. With regard to a criminal defendant's right to appeal, we have held:

> "One convicted of a crime is entitled to the right to appeal that conviction and where he is denied his right to appeal such denial constitutes a violation of the due process clauses of the state and federal constitutions and renders any sentence imposed by reason of the conviction void and unenforceable." Syllabus, *State ex rel. Bratcher v. Cooke*, 155 W.Va. 850, 188 S.E.2d 769 (1972).

Syl. Pt. 1, *Billotti v. Dodrill*, 183 W. Va. 48, 394 S.E.2d 32 (1990). "The constitutional right to appeal cannot be destroyed by counsel's inaction or by a criminal defendant's delay in bringing such to the attention of the court, but such delay on the part of the defendant may affect the relief granted." Syl. Pt. 8, *Rhodes v. Leverette*, 160 W. Va. 781, 239 S.E.2d 136 (1977). Ordinarily, the

---

[1]The remaining counts of the indictment were presumably dismissed pursuant to the plea agreement. However, such a dismissal is not reflected in the appellate record.

[2]In Syllabus Point 1 of *State v. Holstein*, 235 W. Va. 56, 770 S.E.2d 556 (2015), this Court held that "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." (quoting Syl. Pt. 1, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978)).

appropriate relief for the denial of the right to appeal is a resentencing, to begin anew the four-month appeal time pursuant to Rule 5(f) of the West Virginia Rules of Appellate Procedure and West Virginia Code § 58-5-4, and the appointment of appellate counsel. *See Carter v. Bordenkircher*, 159 W. Va. 717, 726, 226 S.E.2d 711, 717 (1976).

On appeal, petitioner argues that an appeal of his conviction and sentence "should have been filed by counsel . . . in 2018," but that his attorney failed to file an appeal despite petitioner's request that he do so.[3] Petitioner further argues that because he requested that his attorney file an appeal orally, this Court could decide to remand this case to the circuit court so that the record can be developed to establish that he made such a request.

The State concedes that the circuit court order is "insufficient" in that it does not address whether petitioner asked his attorney to file an appeal following petitioner's guilty plea. Nonetheless, the State argues that this Court should remand this case not for the development of the record as to that issue, but only for the circuit court to provide findings of fact and conclusions of law sufficient to support its denial of the motion for resentencing for purposes of appeal and the motion for the appointment of appellate counsel.

We agree with petitioner that this case should be remanded so that the record can be developed to establish whether petitioner requested that his attorney file an appeal of his conviction and sentence. We find this case is analogous to *State ex rel. Lewis v. Ballard*, No. 12-0137, 2013 WL 1286150 (W. Va. March 29, 2013) (memorandum decision), in which the appellate record was "unclear whether petitioner requested counsel to [file a criminal] appeal." *Id.* at \*1. In *Lewis*, we remanded the case to the circuit court for a hearing on that issue, and, if the petitioner showed that he requested his attorney to file an appeal, for resentencing for purposes of appeal and the appointment of appellate counsel. *Id.* (citing Syl. Pt. 2, *Carter*, 159 W. Va. at 717, 226 S.E.2d at 712-13).[4]

Based on our review of the appellate record, we find that the same type of remand is appropriate in the instant case. Therefore, we reverse the circuit court's September 6, 2019, order and remand this case to the circuit court with directions to hold a hearing on whether petitioner requested his attorney to file an appeal, and, if it is determined that petitioner made such a request, to resentence him for purposes of appeal and appoint appellate counsel.

---

[3]The docket sheet from the Marion County Circuit Clerk and a search of this Court's records confirm that there has been no appeal of petitioner's conviction and sentence.

[4]In Syllabus Point 2 of *Carter v. Bordenkircher*, 159 W. Va. 717, 226 S.E.2d 711 (1976), we held, in pertinent part, that "where the denial of a timely appeal was probably harmless, except in the case of extraordinary dereliction on the part of the State the appropriate remedy is not discharge but such remedial steps as will permit the effective prosecution of an appeal."

For the foregoing reasons, we reverse the circuit court's September 6, 2019, order denying petitioner's motion for resentencing for purposes of appeal and motion for the appointment of appellate counsel, and remand this case to the circuit court for further proceedings in accordance with the directions herein.

Reversed and Remanded with Directions.

**ISSUED**: August 28, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison