**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

State of West Virginia,
**Petitioner Below, Respondent**

**vs.) No. 19-0804** (Harrison County 15-F-222-1)

**David M.,
Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner David M., self-represented litigant, appeals the August 29, 2019, order of the Circuit Court of Harrison County denying his motion for resentencing for purposes of appeal and his motion for the appointment of appellate counsel.[1] The State of West Virginia, by counsel Scott E. Johnson, filed a response in support of the circuit court's order, to which petitioner replied.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court with directions to hold a hearing on whether petitioner asked his attorney to file an appeal, and, if the court determines that petitioner made such a request, to resentence him for purposes of appeal and to appoint appellate counsel.

On September 4, 2015, petitioner was indicted in the Circuit Court of Harrison County on one count of first-degree sexual assault; one count of first-degree sexual abuse; two counts of sexual abuse by a person in a position of trust; one count of second-degree sexual assault; and one count of incest. On December 10, 2015, pursuant to a plea agreement with the State, petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

pled guilty to one count of first-degree sexual assault and one count of sexual abuse by a person in a position of trust, and the State agreed to dismiss the remaining counts of the indictment. On February 12, 2016, the circuit court sentenced petitioner to two ten-to-twenty-year terms of incarceration for his convictions and ordered that the terms run concurrently. Further, the circuit court imposed a term of fifty years of extended supervised release on petitioner, to begin upon his release from incarceration. Petitioner's deadline to file an appeal of this order, March 12, 2016, passed without the filing of a notice of intent to appeal. On June 9, 2016, petitioner, by counsel, filed a Rule 35(b) motion, requesting a reduction of his previously imposed sentence. The State objected to the motion, and the circuit court ultimately denied the motion, by an order dated December 30, 2016.

In May of 2019, petitioner filed a motion for resentencing for the purpose of direct appeal. The circuit court denied this motion later that month, finding that petitioner "failed to allege or provide any facts which show that his counsel acted in a manner to deprive him of his appellate rights." Petitioner filed a second motion for resentencing for the purposes of direct appeal. In this second motion, petitioner alleged that he asked his counsel "on several occasions" to appeal the final sentencing order on the grounds that he "unintelligibly pled guilty[] and that his sentence was disproportionate, among other things," but counsel "refused to file an [a]ppeal, stating that [petitioner] signed a plea bargain."

Following petitioner's second motion, the circuit court reasoned that "in order to render a decision on [petitioner's] motion, it must hear from [petitioner's counsel] regarding this allegation[,] and the State must also have an opportunity to respond." By its May 28, 2019 order, the circuit court set forth that "any party may file a [r]esponse, addressing the factual allegations and/or the legal arguments contained in [petitioner's second motion] within fifteen (15) days of the date of this [o]rder." The State filed a written objection to petitioner's motion on June 4, 2019. Petitioner filed a reply to the State's motion on June 7, 2019, wherein he alleged that he requested his counsel to appeal but "[n]othing was done" and that counsel "did not even consult with [petitioner] in filing an appeal."[2] Finally, on August 22, 2019, petitioner's counsel, Perry B. Jones, filed a response. Mr. Jones argued that there were no appealable issues resulting from petitioner's guilty pleas or related proceedings. Furthermore, Mr. Jones alleged that petitioner "sent eight (8) letters to counsel between May 5, 2016 and June 7, 2018 and never requested that counsel file an appeal on his behalf."

The circuit court entered an order on August 29, 2019, denying petitioner's second motion for resentencing. The court found that petitioner sent his counsel eight letters, requesting home incarceration and a "Rule 35(b)" motion, which counsel had filed. The circuit court found that while resentencing is an appropriate remedy when appointed counsel has failed to file a timely appeal, "the underlying matter on which the Court makes such decision is when a [p]etition for [writ] of [h]abeas [c]orpus is pending before the Court." The circuit court noted that petitioner had

[2]Petitioner filed a petition for a writ of mandamus with this Court on August 15, 2019, seeking a writ ordering the circuit court to rule on his second motion for resentencing. His petition was mooted by the entry of the circuit court's August 29, 2019, order denying his motion for resentencing now on appeal.

not filed a petition for a writ of habeas corpus. The circuit court concluded that petitioner had not provided sufficient information or otherwise convinced this Court to find merit in his request for resentencing or for modifying his present incarceration. The circuit court's August 29, 2019, order memorialized its decision, which petitioner now appeals.

With regard to a criminal defendant's right to appeal, we have held:

> "One convicted of a crime is entitled to the right to appeal that conviction and where he is denied his right to appeal such denial constitutes a violation of the due process clauses of the state and federal constitutions and renders any sentence imposed by reason of the conviction void and unenforceable." Syllabus, *State ex rel. Bratcher v. Cooke*, 155 W.Va. 850, 188 S.E.2d 769 (1972).

Syl. Pt. 1, *Billotti v. Dodrill*, 183 W. Va. 48, 394 S.E.2d 32 (1990). "The constitutional right to appeal cannot be destroyed by counsel's inaction or by a criminal defendant's delay in bringing such to the attention of the court, but such delay on the part of the defendant may affect the relief granted." Syl. Pt. 8, *Rhodes v. Leverette*, 160 W. Va. 781, 239 S.E.2d 136 (1977). Ordinarily, the appropriate relief for the denial of the right to appeal is a resentencing, to begin anew the four-month appeal time set forth in Rule 5(f) of the West Virginia Rules of Appellate Procedure and West Virginia Code § 58-5-4, and the appointment of appellate counsel. *See Carter v. Bordenkircher*, 159 W. Va. 717, 726, 226 S.E.2d 711, 717 (1976).

On appeal, petitioner argues that the circuit court erred in denying his motion for resentencing as procedurally and substantively deficient. First, petitioner asserts that the circuit court erroneously concluded that resentencing was inappropriate because petitioner had not requested such relief by filing a petition for a writ of habeas corpus. We agree. This Court has often directed circuit courts to consider motions to resentence defendants for the purposes of direct appeal that were in the same procedural posture where we find petitioner in this case. *See State v. Echard*, No. 11-1047, 2012 WL 3104251 (W. Va. May 29, 2012)(memorandum decision); *State v. Joseph C.*, No. 19-0584, 2020 WL 5269751 (W. Va. Sept. 4, 2020)(memorandum decision); *State v. Higgins*, No. 19-0893, 2020 WL 5092917 (W. Va. Aug. 28, 2020)(memorandum decision); *State v. Dumire*, No. 19-0898, 2020 WL 6482747 (W. Va. Nov. 4, 2020)(memorandum decision). While we acknowledge that counsel's failure to file a direct appeal is an appropriate ground to be raised in a petition for a writ of habeas corpus, there is no authority requiring that practice.[3] Therefore, the circuit court's conclusion that petitioner's motion was procedurally deficient is clearly erroneous.

Turning to petitioner's argument that the circuit court erroneously concluded that his motion was substantively erroneous, he asserts that he verbally requested that counsel file an appeal and that he was redirected by counsel to file the motion for reduction of sentence (Rule 35(b) of the West Virginia Rules of Criminal Procedure). He further argues that the circuit court erred in permitting Mr. Jones to file a response outside of its previously set response deadlines and

---

[3]Notably, neither the circuit court nor the State on appeal identified any authority that prohibits motions for resentencing for the purpose of appeal.

that he was not provided said response prior to the circuit court's ruling.

The State acknowledges that "when counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that this appeal would likely have had merit." *Perquero v. United States*, 526 U.S. 23, 28 (1999). However, the State emphasizes that the defendant's request is critical to the analysis. In that respect, the State argues that the letters provided by Mr. Jones do not include a request from petitioner for an appeal. Therefore, the State contends, the circuit court did not err in finding that petitioner's motion was substantively deficient. In response to this, petitioner notes that all of the letters admitted by Mr. Jones were written *after* his opportunity to appeal the circuit court's sentencing order had passed, and, thus, a request for an appeal at that stage was, in his mind, frivolous.

In this case, we are particularly troubled by petitioner's assertion that he was not provided counsel's response prior to the issuance of the circuit court's order and was, therefore, not permitted an opportunity to rebut Mr. Jones's assertions. Furthermore, the critical finding, whether petitioner actually requested his counsel to file an appeal, is absent from the circuit court's order on appeal. Accordingly, we conclude that this case should be remanded so that the record can be developed as to whether petitioner requested his attorney to file an appeal of his conviction and sentence. We find that this case is analogous to *State ex rel. Lewis v. Ballard*, No. 12-0137, 2013 WL 1286150 (W. Va. Mar. 29, 2013)(memorandum decision), in which the appellate record was "unclear whether petitioner requested counsel to [file a criminal] appeal." *Id.* at *1. In *Lewis*, we remanded the case to the circuit court for a hearing on that issue and, if the petitioner showed that he had requested his attorney to file an appeal, for resentencing for purposes of appeal and the appointment of appellate counsel. *Id.* (citing Syl. Pt. 2, *Carter*, 159 W. Va. at 717, 226 S.E.2d at 712-13).[4]

Based on our review of the appellate record, we find that the same type of remand is appropriate in the instant case. Therefore, we reverse the circuit court's August 29, 2019, order and remand this case to the circuit court with directions to hold a hearing on whether petitioner requested his attorney to file an appeal, and, if it is determined that petitioner made such a request, to resentence him for purposes of appeal and appoint appellate counsel.

For the foregoing reasons, we reverse the circuit court's August 29, 2019, order denying petitioner's motion for resentencing for purposes of appeal and motion for the appointment of appellate counsel, and remand this case to the circuit court for further proceedings in accordance with the directions herein.

Reversed and Remanded with Directions.

**ISSUED**: June 3, 2021

---

[4]In Syllabus Point 2 of *Carter v. Bordenkircher*, 159 W. Va. 717, 226 S.E.2d 711 (1976), we held, in pertinent part, that "where the denial of a timely appeal was probably harmless, except in the case of extraordinary dereliction on the part of the State the appropriate remedy is not discharge but such remedial steps as will permit the effective prosecution of an appeal."

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

Justice John A. Hutchison concurs with the decision, but states that he would reverse and remand with direction for the circuit court to resentence petitioner for the purpose of appeal.