# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0411** (Webster County 14-F-62)

**Gregory F.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Gregory F.,[1] a self-represented litigant, appeals the order of the Circuit Court of Webster County, entered on May 26, 2020, denying his motion for resentencing. Respondent State of West Virginia appears by counsel Patrick Morrisey and Scott E. Johnson.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. As more fully explained herein, the Court is of the opinion that the circuit court erred in denying Mr. F.'s motion for resentencing without first conducting an evidentiary hearing to address Mr. F.'s allegation that his trial counsel failed to assist him in filing a direct appeal. Accordingly, this case satisfies the "limited circumstance" requirement of Rule 21(d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Pursuant to an agreement with the State, Mr. F. entered a plea of guilty to one count of sexual abuse and one count of first-degree sexual assault in the Circuit Court of Webster County in December of 2014. In July of 2015, the circuit court sentenced Mr. F. to incarceration for a term of five to twenty-five years on the sexual abuse conviction, and a consecutive term of twenty-five to one-hundred years on the sexual assault conviction. Mr. F. did not appeal his conviction or sentence. In May of 2020, well into his terms of incarceration, Mr. F. filed a motion asking that the circuit court resentence him for purposes of appeal. He asserted that he instructed his trial attorney to file an appeal, and that he forwarded his attorney a letter asking to discuss a criminal appeal, but the trial attorney neither filed nor responded. The circuit court denied Mr. F.'s motion

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

by order entered on May 26, 2020, explaining that "[a]ll appeal times ran years ago, and [Mr. F.'s] appropriate remedy would be to file an [o]mnibus [h]abeas [c]orpus petition, if he believes he has appropriate grounds therefor."

Mr. F. asserts three assignments of error on appeal. In short, he argues that the circuit court abused its discretion and infringed on his state and federal constitutional rights by (1) failing to resentence him; (2) denying his motion without first conducting an evidentiary hearing; and (3) denying his motion without first making findings of fact and considered conclusions of law. We review Mr. F.'s assignments of error under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 1, *State v. Meadows*, 231 W. Va. 10, 743 S.E.2d 318 (2013).

Mr. F. alleged that his trial counsel failed to act on his instruction to file an appeal. The State concedes that this allegation triggered the need for an evidentiary hearing. We explained in *State v. Higgins*, No. 19-0893, 2020 WL 5092917, at *1 (W. Va. Aug. 28, 2020)(memorandum decision), that when a criminal defendant files a motion for resentencing and further alleges that his counsel failed to file an appeal after having been directed to do so, the circuit court is obligated to provide an evidentiary hearing to consider the merits of the defendant's allegation. The rationale underlying this obligation was explained as follows:

> "One convicted of a crime is entitled to the right to appeal that conviction and where he is denied his right to appeal such denial constitutes a violation of the due process clauses of the state and federal constitutions and renders any sentence imposed by reason of the conviction void and unenforceable." Syllabus, *State ex rel. Bratcher v. Cooke*, 155 W.Va. 850, 188 S.E.2d 769 (1972).
>
> Syl. Pt. 1, *Billotti v. Dodrill*, 183 W. Va. 48, 394 S.E.2d 32 (1990). "The constitutional right to appeal cannot be destroyed by counsel's inaction or by a criminal defendant's delay in bringing such to the attention of the court, but such delay on the part of the defendant may affect the relief granted." Syl. Pt. 8, *Rhodes v. Leverette*, 160 W. Va. 781, 239 S.E.2d 136 (1977). Ordinarily, the appropriate relief for the denial of the right to appeal is a resentencing, to begin anew the four-month appeal time pursuant to Rule 5(f) of the West Virginia Rules of Appellate Procedure and West Virginia Code § 58-5-4, and the appointment of appellate counsel. *See Carter v. Bordenkircher*, 159 W. Va. 717, 726, 226 S.E.2d 711, 717 (1976).

*Higgins*, 2020 WL 5092917, at *2.

For the foregoing reasons, we reverse the order denying petitioner's motion for resentencing and remand this case to the Circuit Court of Webster County to conduct the requisite evidentiary hearing. If the circuit court determines that petitioner requested that his attorney file an appeal, the circuit court should resentence him for purposes of appeal and appoint appellate counsel.

Reversed and remanded.

**ISSUED:** April 20, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment