# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Benjamin Harrison,**
**Petitioner Below, Petitioner**

**vs) N o. 19-1071** (Kanawha County 19-P-419)

**Shawn Straughn, Superintendent,**
**Northern Regional Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**February 2, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Self-represented petitioner Benjamin Harrison appeals the October 30, 2019, order of the Circuit Court of Kanawha County denying his petition for a writ of habeas corpus. Respondent Shawn Straughn, Superintendent, Northern Regional Correctional Center, by counsel Scott E. Johnson, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court with directions to enter an order that complies with Syllabus Point 1 of *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997). However, if upon further review of the petition, the circuit court concludes that it is necessary to determine whether petitioner directed his attorney to file an appeal in the underlying criminal case, the court shall conduct a hearing for that limited purpose. In the event that petitioner establishes that he directed his attorney to file an appeal in the underlying criminal case, the circuit court shall resentence petitioner for purposes of appeal and appoint appellate counsel.

The appendix record of the underlying proceedings submitted by petitioner in support of his appeal is sparse and does not include petitioner's habeas petition or the sentencing order from the underlying criminal case. The appellate record includes only documents relating to petitioner's guilty pleas and the circuit court's March 19, 2018, order accepting his pleas and adjudging him guilty of driving under the influence ("DUI") causing death and DUI causing serious bodily harm.

1

In its March 19, 2018, order, the circuit court found that petitioner understood "[t]hat any plea bargaining that appears in the record of this case is not binding upon this Court with respect to punishment or probation[.]" While somewhat unclear, we interpret petitioner's argument to be that the circuit court imposed consecutive sentences of three to fifteen years of incarceration for DUI causing death and to two to ten years of incarceration for DUI causing serious bodily harm notwithstanding the State's recommendation, pursuant to the parties' plea agreement, that petitioner be allowed to serve concurrent sentences. Petitioner further argues that his attorney failed to file an appeal in the underlying criminal case.[1]

On October 23, 2019, petitioner filed a petition for a writ of habeas corpus, which the circuit court denied by order entered on October 30, 2019. The circuit court's October 30, 2019, order is sparse and does not contain any findings as to whether petitioner directed his attorney to file an appeal in his criminal case.

Petitioner now appeals the circuit court's October 30, 2019, order. This Court reviews a circuit court order denying a habeas petition under the following standards:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review. Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997).[2]

---

[1]We have held that "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." Syllabus Point 1 of *State v. Holstein*, 235 W. Va. 56, 770 S.E.2d 556 (2015) (quoting Syl. Pt. 1, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978)).

[2]West Virginia Code § 53-4A-7(c) provides:

When the court determines to deny or grant relief, as the case may be, the court shall enter an appropriate order with respect to the conviction or sentence in the former criminal proceedings and such supplementary matters as are deemed necessary and proper to the findings in the case, including, but not limited to, remand, the vacating or setting aside of the plea, conviction and sentence, rearraignment, retrial, custody, bail, discharge, correction of sentence and
(continued . . .)

On appeal, the parties agree that petitioner is requesting that the circuit court resentence him, to renew the four-month appeal time pursuant to Rule 5(f) of the West Virginia Rules of Appellate Procedure and West Virginia Code § 58-5-4, and appoint appellate counsel. The parties further agree that this case should be remanded to the circuit court; however, they disagree as to the purpose of the remand. Petitioner argues that the circuit court should be directed to comply with his request and resentence him. Acknowledging that the circuit court's order is "inadequate," respondent counters that the case should be remanded for the purpose of entering an order that complies with Syllabus Point 1 of *Watson*.

With regard to a criminal defendant's right to appeal, we have held that:

> "[o]ne convicted of a crime is entitled to the right to appeal that conviction and where he is denied his right to appeal such denial constitutes a violation of the due process clauses of the state and federal constitutions and renders any sentence imposed by reason of the conviction void and unenforceable." Syllabus, *State ex rel. Bratcher v. Cooke*, 155 W.Va. 850, 188 S.E.2d 769 (1972).

Syl. Pt. 1, *Billotti v. Dodrill*, 183 W. Va. 48, 394 S.E.2d 32 (1990). "The constitutional right to appeal cannot be destroyed by counsel's inaction or by a criminal defendant's delay in bringing such to the attention of the court, but such delay on the part of the defendant may affect the relief granted." Syl. Pt. 8, *Rhodes v. Leverette*, 160 W. Va. 781, 239 S.E.2d 136 (1977).

Ordinarily, the appropriate relief for the denial of the right to appeal is a resentencing to renew the four-month appeal time. *See Carter v. Bordenkircher*, 159 W. Va. 717, 726, 226 S.E.2d 711, 717 (1976). However, in cases where the appellate record is unclear as to whether the petitioner requested trial counsel to file an appeal, we have directed that a hearing be held to determine if such a request was made. *See State ex rel. Lewis v. Ballard*, No. 12-0137, 2013 WL 1286150 (W. Va. March 29, 2013) (memorandum decision). In *Lewis*, we further directed that, if the petitioner showed that he asked his attorney to file an appeal, the circuit court was to resentence him for purposes of appeal and appoint appellate counsel. *Id.* at *1 (citing *Carter*, 159 W. Va. at 717, 226 S.E.2d at 712-13, syl. pt. 2).[3]

---

resentencing, or other matters which may be necessary and proper. In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided. Any order entered in accordance with the provisions of this section shall constitute a final judgment, and, unless reversed, shall be conclusive.

[3]In Syllabus Point 2 of *Carter v. Bordenkircher*, 159 W. Va. 717, 226 S.E.2d 711 (1976), we held, in pertinent part, that "where the denial of a timely appeal was probably harmless, except in the case of extraordinary dereliction on the part of the State the appropriate remedy is not discharge but such remedial steps as will permit the effective prosecution of an appeal." (continued . . .)

Here, upon review of the circuit court's order, we agree with respondent's admission that the order is inadequate. Accordingly, we reverse the circuit court's order and remand the case with directions that the circuit court enter an order that complies with Syllabus Point 1 of *Watson*. However, if upon further review of petitioner's petition, the circuit court concludes that it is necessary to determine whether petitioner directed his attorney to file an appeal in the underlying criminal case, the court shall conduct a hearing for that limited purpose. In the event that petitioner shows that he directed his attorney to file an appeal, the circuit court shall resentence petitioner for purposes of appeal and appoint appellate counsel.

For the foregoing reasons, we reverse the circuit court's October 30, 2019, order denying petitioner's petition for a writ of habeas corpus and remand this case to the circuit court for further proceedings in accordance with the directions herein.

Reversed and Remanded with Directions.

**ISSUED**: February 2, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton